JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4234 PA (JPRx) | Date | September 24, 2024 |
|---|---|---|---|
| Title | Yolanda Penaloza Duarte, et al. v. Ur Mendoza Jaddou | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:        IN CHAMBERS – COURT ORDER**

On August 28, 2024, the Court issued an Order to Show Cause, requiring plaintiffs Yolanda Penazola Duarte, Yenifer Emilia Gomez Flores, Veronica Salazar Carrera, Ma. Luisa Juarez Bahena, Angel Abdiel Ascencio Juarez, Evelyn Ascencio Juarez, Jose Guadalupe Torres Andrade, Esmeralda Munoz Calzada, Genesis Guadalupe Torres Munoz, Sofia Cristahel Torres Munoz, Maria Virdiana Delgado Urrutia, Cesar Isac Torres Delgado, Julio Cesar Torres Andrade, Kevin Eleazar Torres Delgado, and Denis Guadalupe Torres Delgado (collectively, "Plaintiffs") to show cause in writing why this action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). (Docket No. 9.) Plaintiffs responded by filing a Proof of Service as to defendant Ur Mendoza Jaddou ("Defendant"). However, the Proof of Service did not suffice to show Plaintiff's compliance with Rule 4(i), which establishes the requirements for serving the United States and its agencies, corporations, officers, and employees. In particular, there is no indication that Plaintiffs served the Attorney General or the United States Attorney for the Central District of California, and Plaintiffs' process server apparently did not send the Complaint to Defendant via registered or certified mail as required under Rule 4(i).

On September 6, 2024, the Court issued an Order explaining the deficiencies in the Proof of Service and continuing the deadline for Plaintiffs to respond to the Court's Order to Show Cause until September 20, 2024. The Court warned Plaintiffs in that order that if they did not "file[] proofs of service establishing compliance with all of the requirements of Rule 4(i) by that date, the Court will dismiss the action without prejudice." (Docket No. 11.) However, several days have passed since the Court's deadline, and Plaintiffs have neither filed the required proofs of service nor sought an extension of time to do so.

Plaintiffs initiated this action on May 21, 2024. The deadline to serve Defendant under Rule 4(m) expired 90 days later on August 19, 2024. While Plaintiffs attempted service prior to that date, the Proof of Service filed fails to establish proper service under Rule 4(i). Despite the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-4234 PA (JPRx) | Date | September 24, 2024 |
|---|---|---|---|
| Title | Yolanda Penaloza Duarte, et al. v. Ur Mendoza Jaddou | | |

Court affording Plaintiffs additional time establish compliance with Rule 4(i), Plaintiffs have failed to do so by the Court's deadline.[1/]  Accordingly, this case is subject to dismissal under Rule 4(m) for failure to timely serve Defendant or establish good cause for that failure.

Grounds also exist to dismiss this case for failure to diligently prosecute.  A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal.  While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir.

---

[1/]     And, as the Court explained in its September 6, 2024 Order, the mandatory extension provision of Rule 4(i)(4) does not apply in this case.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-4234 PA (JPRx) | Date | September 24, 2024 |
|---|---|---|---|
| Title | Yolanda Penaloza Duarte, et al. v. Ur Mendoza Jaddou | | |

1978).  Here, as discussed above, there is no indication that Defendant has been properly served, and Plaintiffs have not offered any explanation for their apparently failure to properly and timely serve Defendant.  See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

       The fourth and fifth Henderson factors also favor dismissal.  Because the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of prosecution, Plaintiffs were on notice that the failure to adequately respond to the Court's Order to Show Cause could result in the dismissal of any unserved defendant.  Moreover, in its September 6, 2024 Order, the Court specifically warned Plaintiffs that failure to file a corrected proof of service establishing compliance with Rule 4(i) by September 20, 2024, would result in dismissal of this case.  Despite this notice, Plaintiffs have failed to comply with the Court's deadline or otherwise show that they intend to prosecute this action diligently.  Finally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the Henderson factors weigh in favor of dismissal.

       Accordingly, pursuant to Rule 4(m) and as a result of Plaintiffs' failure to diligently prosecute this case, this action is dismissed without prejudice.  See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

       IT IS SO ORDERED.